# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

AMY OLBERDING,)
)
                   Plaintiff,)
)
v.) Case No. 06-0041-CV-W-FJG
)
UNION PACIFIC RAILROAD COMPANY,)
)
                   Defendant.)

## ORDER

Currently pending before the Court is Plaintiff's Motion to Remand (Doc.# 5) and Plaintiff's Motion for Leave to File Amended Complaint (Doc. #22).

### I. BACKGROUND

The present suit was removed to this Court from the Circuit Court of Jackson County, Missouri, on January 13, 2006. Defendant removed the case on the basis of 28 U.S.C. § 1331 and § 1441, because it alleged that the claims in plaintiff's petition were completely preempted by the Federal Railroad Safety Act, 49 U.S.C. § 20101 *et seq.* and the Locomotive Inspection Act, 49 U.S.C. § 20701 *et seq.* Defendant argues that such claims are federal in character and they arise under the laws of the United States. Plaintiff argues that the case should be remanded because her petition does not allege a cause of action arising under either of these federal statutes. Rather, she states she has alleged possible violations of these regulations as relevant to her state law cause of action.

### II. STANDARD

It is the defendant's burden to prove that removal is proper and that all

> prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D.Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999). "Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2 (D.Neb. Oct. 11, 2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

### III. DISCUSSION

Plaintiff states that her petition was filed in Jackson County Circuit Court pursuant to Missouri's Wrongful Death Act, § 537.080 *et seq.* While she refers to federal regulations in her petition, she states that the federal regulations are merely possible elements of her state law claim. She also argues that her claim does not present a substantial federal issue and is not completely preempted by either the Federal Railroad Safety Act or the Locomotive Inspection Act.

Defendant argues that all of plaintiff's claims are completely preempted under both the Federal Railroad Safety Act and the Locomotive Inspection Act.

The Eighth Circuit has recently addressed this issue in the context of a railroad accident. In Lundeen v. Canadian Pacific Ry. Co., 447 F.3d 606 (8th Cir. 2006),
2

plaintiffs sued for personal injuries and property damage suffered as a result of a CP Rail freight train derailment in North Dakota. CP Rail removed the case to federal court based on federal question jurisdiction. The Lundeens amended their complaint to remove the federal question. The district court declined to exercise its discretionary jurisdiction over the remaining state law claims and remanded the case. CP Rail appealed. The Eighth Circuit reversed and stated that the Amended Complaint continued to allege that CP Rail negligently inspected their tracks by failing to comply with the rules and regulations of the Federal Railroad Administration and thus found that the district court improperly remanded the case. The Court stated:

> Nonetheless, where we find the Lundeens' negligent inspection claims preempted following the logic in In Re Derailment ,[416 F.3d 787 (8th Cir. 2005)] and where it is both clear the regulations at issue are intended to prevent negligent track inspection nationally and contain no savings clause (so there is thus no indication the FRA meant to leave open a state law cause of action), absent en banc review we are bound by our decision in Peters [v. Union Pac. R.Co., 80 F.3d 257 (8th Cir. 1996)] to find complete, jurisdictional, preemption. The district court therefore has subject-matter jurisdiction in the instant case and improperly remanded the case to state court.

Id. at 614-15.

Additionally, in Gillenwater v. Burlington Northern & Santa Fe Ry. Co., No. 4:05CV2011 RWS, 2006 WL 1699362 (E.D.Mo. June 13, 2006), the Court found complete preemption in a similar case. The plaintiff alleged that BNSF negligently failed to maintain an adequate audible warning system, failed to maintain the railroad crossing, failed to construct the railroad crossing in a safe manner, failed to properly train its employees, and failed to properly maintain its trains and safety equipment. Plaintiff also alleged that the engineer and conductor operated the train in a dangerous

3

manner and failed to keep a lookout. BNSF argued that the state law claims were preempted. Plaintiff alleged that the case was improperly removed. The Court in Gillenwater stated as follows:

> In Lundeen, the Eighth Circuit found that the plaintiffs' claims based on negligent railroad track inspection were completely preempted by the FRSA because the Federal Railroad Administration ("FRA") had promulgated regulations governing how, when, and by whom track inspections had to be conducted and because the federal regulations did not contain a savings clause, leaving "no indication the FRA meant to leave open a state law cause of action." 447 F.3d at 614.

Id. at *1. The Court concluded that Gillenwater's negligence claims were preempted by federal law because the FRA regulations governed the safety issues which were raised in plaintiff's complaint. The Court cited to the following federal regulations: *See* 23 C.F.R. § 646.214 (design of railroad crossing warning devices); 49 C.F.R. § 217.1 *et seq.* (railroad employee safety training); 49 C.F.R. § 221.21 (use of locomotive horn); 49 C.F.R. § 229.129 (audible safety devices); and 49 C.F.R. §§ 234.201 - 234.273 (maintenance, inspections and tests on crossing devices). The Court stated:

> Gillenwater has not argued that any of the applicable federal regulations contain a savings clause that would indicate Congress's intent to leave open a state law cause of action. Nor have I found an applicable savings clause in my own research. As a result, BNSF properly removed this action under 28 U.S.C. § 1331, and the motion for remand will be denied.

Id. at *2.

In the instant case, plaintiff has alleged that Union Pacific failed to sound an audible warning, failed to maintain proper visibility, maintained hazardous conditions at the grade crossing, provided inadequate training and instruction of the train crew, violated speed restrictions and maintained unsafe crossing conditions. In her original petition, plaintiff cited to several federal regulations. Plaintiff's proposed Amended

4

Complaint contains the same allegations, but the references to the federal regulations have been deleted. The Court finds no basis on which to distinguish the allegations in plaintiff's Complaint from the allegations in either <u>Lundeen</u> or <u>Gillenwater</u>. Accordingly, the Court finds that plaintiff's claims are completely preempted by the FRA regulations and defendant's removal of the case was therefore proper.

## IV. CONCLUSION

Accordingly, for the above stated reasons, Plaintiff's Motion for Remand is hereby **DENIED** (Doc. # 5) and plaintiff's Motion for Leave to File an Amended Petition is also **DENIED** (Doc. # 22 ).

Date: August 7, 2006　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge