# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

AMY OLBERDING, )
)
          Plaintiff, )
)
v. ) Case No. 06-0041-CV-W-FJG
)
UNION PACIFIC RAILROAD COMPANY, )
)
          Defendant. )

## ORDER

Currently pending before the Court is Defendant's Motion to Transfer Venue (Doc. # 27) and defendant's Motion for Leave to File Supplemental Suggestions (Doc. # 38).

### I. BACKGROUND

On September 17, 2004, Robert Olberding was killed when the vehicle he was driving was struck by a train owned and operated by Union Pacific at a railroad grade crossing near Falls City, Nebraska. The railroad crossing is covered by a private crossing agreement entered into between Missouri Pacific Railroad Corporation[1] and Towle Realty Company, a Nebraska entity who owns the adjoining land.

The present suit was removed to this Court from the Circuit Court of Jackson County, Missouri on January 13, 2006. Plaintiff moved to remand the case, but on August 7, 2006, the Court denied the Motion to Remand. Defendant has now moved to transfer venue of this action to the District of Nebraska.

---

[1] Missouri Pacific is now owned by Union Pacific Railroad Company.

## II. STANDARD

28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court in <u>Houk v. Kimberly-Clark Corp.</u>, 613 F.Supp. 923, 927 (W.D.Mo. 1985), stated that "[i]n any determination of a motion to transfer under § 1404(a), the plaintiff's choice of a proper forum is entitled to great weight, and will not be lightly disturbed." The Court also observed:

> It is incumbent upon the party seeking transfer to make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed. . . . Where the balance of relevant factors is equal or only slightly in favor of the movant, the motion to transfer should be denied.

<u>Id</u>. at 927 (internal citations omitted).

In <u>Enterprise Rent-A-Car Co. v. U-Haul International, Inc.</u>, 327 F.Supp.2d 1032 (E.D.Mo. 2004) the Court stated:

> In determining whether or not to transfer venue, the Court must consider the three general categories of factors stated in §1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) whether the transfer would be in the interest of justice.

<u>Id</u>. at 1045 citing <u>Terra Int'l, Inc. v. Mississippi Chem. Corp.</u>, 119 F.3d 688, 691 (8th Cir.), <u>cert. denied</u>, 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997). The Court will examine each of these factors in turn.

### A. Convenience of the Parties

Union Pacific argues that it is inconvenient and unnecessarily expensive to litigate the case in Missouri when the accident took place in Nebraska. Union Pacific argues

2

that while it may conduct business in Missouri, the case does not arise from any Missouri contacts or activities.

Plaintiff states that she resides in Falls City, Nebraska which is an equal distance between this Court and the District of Nebraska. She states that it is 87 miles to Kansas City and 86 miles to Omaha. Additionally, she states that she has a family member who lives in Lansing, Kansas, so it would be more convenient for her to try this case in Kansas City. Plaintiff notes that although defendant argues that it would be inconvenient to try this case in Kansas City, defendant provides no support for that position. Plaintiff states that in actuality, Kansas City would be more convenient because of the five management employees defendant identified in its Answers to plaintiff's interrogatories, one works in Kansas City, two work in Atchison, Kansas and two work in Omaha. Plaintiff states that Atchison is only 43 miles from Kansas City. Additionally, plaintiff notes that Kansas City is one of defendant's central hubs and is home to 2,907 of defendant's employees. The Court finds that this factor weighs in favor of keeping the case in this jurisdiction.

**B. Convenience of Witnesses**

Defendant argues that witnesses with information regarding the accident and plaintiff's damages are not in Missouri and most of them are located in Nebraska. Law enforcement personnel, emergency responders, witnesses and representatives of the landowner are all located in Nebraska. If the case were not transferred, defendant states it cannot compel the attendance of non-party witnesses to travel to Missouri. However, defendant does not go into detail to explain exactly who these witnesses are or where they are located.

3

Plaintiff states that defendant in its interrogatory responses identified nine witnesses who were at the scene of the accident. Three of these witnesses reside or work in Missouri. Of the remaining six witnesses, four are residents of Kansas. The only witnesses who reside in Nebraska are a county police officer and a Union Pacific Senior Special Agent. Plaintiff states that defendant did identify seven residents of Falls City who were at the scene of the accident within 24 hours. However, plaintiff states that these individuals will most likely have knowledge of only post-accident issues, such as clean-up. Thus, plaintiff states that it is more convenient for almost every identified witness for the case to remain in this Court.

In Houk, the Court stated:

> The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under § 1404(a). . . . This factor involves not merely a consideration of the number of witnesses located in or near the respective forums, but the nature and quality of their testimony in relationship to the issues of the case.

Id., 613 F.Supp. at 928 (internal citations omitted).

Additionally, in American Standard Inc. v. The Bendix Corp., 487 F.Supp. 254, 262 (W.D.Mo. 1980), the Court stated, "if the party moving for transfer under § 1404(a) merely makes a general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be, the motion for transfer based on convenience of witnesses will be denied." See also, Enterprise Rent-A-Car Co. V. U-Haul Intern., Inc., 327 F.Supp.2d 1032, 1046 (E.D.Mo. 2004)(Defendant did not meet its burden where it failed to provide the names of any proposed witnesses or the nature of their testimony). Likewise, in the instant case, the defendant has done nothing more than make a general allegation that most of the

4

witnesses will be in Nebraska, such as the law enforcement personnel, emergency responders, witnesses and representatives of the landowner. However, beyond this general allegation, defendant has failed to satisfy its burden of showing that Nebraska would be a more convenient forum for the majority of the witnesses. Thus, the Court finds that this factor does not weigh in favor of transferring venue.

### C. Interest of Justice

When weighing this factor, considerations include:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

Terra Int'l, Inc., 119 F.3d at 695.

**1. Judicial Economy** - Defendant argues that this Court's resources are best used to decide cases with some nexus to the State of Missouri. Defendant argues that it will likely need to issue subpoenas from the District of Nebraska to compel attendance of witnesses and the production of documents. Plaintiff argues that under Fed.R.Civ.P. 45, a party may issue subpoenas to any witnesses residing, working or regularly transacting business within 100 miles of the Court. Thus, plaintiff states any witness residing in Falls City, Nebraska would be subject to a subpoena because that City is only 88 miles from Kansas City. Witnesses in Atchison or Powhattan would also be subject to subpoena. Thus, the Court finds that this factor does not weigh in favor of transfer.

**2. Plaintiff's Choice of Forum** - as previously noted, plaintiff's choice of forum is entitled to substantial deference. In Enterprise Rent-A-Car, the Court stated that it was

5

mindful that "it may not disturb a plaintiff's choice of forum unless a balance of relative considerations tips strongly toward the defendant." Id. 327 F.Supp.2d at 1046. In this case, the Court has found no considerations which weigh in favor of transferring venue.

**3. Comparative costs to the parties** - Defendant states that litigating in Nebraska would be considerably less expensive than litigating in Kansas City. Defendants state that their ability to compel the attendance of Nebraska witnesses at trial might reduce the number of depositions. Additionally, defendant states that if the case were transferred, plaintiff and defendants would avoid the travel and expenses they would incur to participate in a trial in Missouri. Plaintiff argues that it will be less expensive if the case remains in this Court, because it takes less time and presumably costs less for almost every witness to travel to Kansas City. Additionally, if the case were transferred to Omaha, plaintiff's counsel who are located in Kansas City would incur increased travel expenses, longer drive times and less frequent flights. The Court finds that this factor does not weigh in favor of transfer.

**4. Ability to Enforce a Judgment -** Defendant admits that this factor does not favor either forum.

**5. Obstacles to a Fair Trial -** Defendant states that if this case remains in Missouri, it faces the possibility that many of its critical witnesses will not testify live, but only though deposition testimony. As discussed above, because Falls City is within 100 miles of Kansas City this will not prevent defendant from subpoenaing witnesses. The Court finds that this factor does not weigh in favor of transfer.

**6. Conflict of Law Issues** - Defendant states that Nebraska substantive law will

govern. Plaintiff however notes that defendant in opposition to plaintiff's Motion to Remand argued that federal law played "the central role" in this case and that plaintiff's claims arose under federal law. Plaintiff also notes that even if the Court were to assume that Nebraska law were to govern some of plaintiff's claims, federal judges regularly apply the law of foreign jurisdictions. Plaintiff argues that defendant has failed to present any facts showing that Nebraska law is unusual or complex or that the Court would be unable to apply it. Therefore, the Court finds that this factor also does not weigh in favor of transfer.

**7. Advantages of having a local court determine questions of local law** - Defendant states that Nebraska courts are more familiar with Nebraska substantive law than is this Court. The Court has addressed this argument above and does not find that this factor weighs in favor of transfer.

**8. Inability to Implead Potentially Responsible Third-Parties**

Defendant argues that it has a viable third party action for contractual indemnity against the adjoining landowner. However, because the landowner is located in Nebraska, it is beyond this Court's personal jurisdiction and defendant argues that it cannot join this party and would be required to institute a separate action against that party following this case. Plaintiff argues that defendant has failed to show that the landowner is not subject to general jurisdiction in Missouri and nothing is known about the landowner's officers, agents or whether it has any continuous contacts with this State. Additionally, plaintiff argues that because defendant's claim against the landowner is for contractual indemnity, defendant would only need to show that the

7

landowner conducted business or formed a contract in Missouri. However, plaintiff argues that regardless of whether the landowner is subject to jurisdiction, defendant could still file its own suit against the landowner in Nebraska.

On November 13, 2006, defendant filed Supplemental Suggestions in support of its Motion to Transfer. Defendant states that on November 10, 2006, it learned that plaintiff had filed suit in the District Court of Richardson County, Nebraska against Towle Realty, the landowner on whose property the private crossing sits. Defendant states that by filing suit in Nebraska state court, plaintiff has indicated her belief that Towle Realty is an essential party to any action arising from the accident. Thus, defendant argues the case should be transferred so it can implead Towle Realty into the federal case.

The Court does not find that this fact necessitates transfer. Defendant attached the petition which plaintiff filed in the Nebraska state action and although some of the claims are similar, there are significant differences. In the instant case plaintiff alleged that Union Pacific failed to sound an audible warning, failed to maintain proper visibility, maintained hazardous conditions at the grade crossing, provided inadequate training and instruction of the train crew, violated speed restrictions and maintained unsafe crossing conditions. In her original petition, plaintiff cited to several federal regulations.
In the Order denying plaintiff's Motion to Remand, this Court found that plaintiff's state law claims were preempted by the FRA regulations and that the case had been properly removed. In the Nebraska state court action, plaintiff has asserted only state law claims against the Nebraska landowner alleging that the landowner was negligent in failing to maintain the crossing in a safe manner, in failing to maintain adequate warning devices, in failing to maintain adequate sight distances for motorists and in failing to properly

8

clear the right-of-way. Plaintiff also alleges that the Towle Realty knew of the dangerous conditions, but did not take any action to remedy these conditions.

The fact that plaintiff has filed suit in Nebraska state court against Towle Realty does not weigh in favor of transferring this case.  This case involves different claims against a different defendant.

## IV. CONCLUSION

After weighing all of the considerations detailed above, the Court finds that defendant has failed to demonstrate any reason why this case should be transferred to the District of Nebraska. Accordingly, for the reasons stated above, the Court hereby **GRANTS** defendant's Motion for Leave to File Supplemental Suggestions (Doc. # 38) and **DENIES** defendant's Motion to Transfer Venue (Doc. # 27).


Date:_____                    **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                      United States District Judge

9