# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AMY OLBERDING, individually and as personal representative of the estate of Robert Olberding, deceased, ) ) ) ) Plaintiff, ) ) v. ) ) UNION PACIFIC RAILROAD COMPANY, ) ) Defendant. ) | Case No. 06-0041-CV-W-FJG |

## ORDER

Currently pending before the Court is Plaintiff's Motion for Reconsideration of the Order Denying Plaintiff's Motion for Remand, or in the Alternative for an Order Certifying for Appeal the Issue of the Court's Jurisdiction (Doc. # 62).

### I. BACKGROUND

Plaintiff filed a wrongful death complaint against Defendant in the Circuit Court of Jackson County, Missouri, alleging negligence in connection with a car-train collision at a Nebraska railroad crossing that caused her husband's death. Defendant removed the case to this court on January 13, 2006, arguing Plaintiff's artfully-pled claims were completely preempted by the Federal Railroad Safety Act (FRSA) and the Locomotive Inspection Act (LIA) or there was a substantial federal question. Plaintiff currently alleges only state law claims against Defendant, and refers to Defendant's possible violations of certain provisions of the FRSA and the LIA as relevant to these state claims. Insisting her cause of action did not arise under any federal statute, Plaintiff filed a Motion to Remand, which was denied on August 7, 2006. Plaintiff has filed a

Motion for Reconsideration based on several recent cases which were decided after this Court's August 7, 2006 Order. In the alternative, Plaintiff has asked this court to certify the case for interlocutory appeal to the Eighth Circuit.

## II. STANDARD

Ordinarily a party may not appeal a district court ruling until a final order or decree has been entered in a case. 28 U.S.C. § 1292(a). A court may, however, certify an order not otherwise appealable for immediate appeal if it finds "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## III. DISCUSSION

A court in doubt of its own jurisdictional basis runs a high risk of wasting precious judicial resources on an ultimately futile attempt at resolving the issues of a case. To avoid such a result, a district court may certify a case for appeal if it is "of the opinion that" (1) the order "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion"; and (3) certification will "materially advance the ultimate termination of the litigation." White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994) (quoting Paschall v. Kansas City Star Co., 605 F.2d 403, 406 (8th Cir. 1979)). Such a situation has arisen in this case, and so certification for an interlocutory appeal is proper.

This case involves a controlling question of law. The question presently before this court is whether the Federal Railway Safety Act and/or the Locomotive Inspection

2

Act completely preempt some, all or none of plaintiff's state law claims regarding: maintenance of hazardous conditions at the grade crossing, maintenance of unsafe crossing conditions, improper training and instruction of the crew, violating speed restrictions, signalization and maintenance, improper operation of a train and its warning devices and inadequate visibility.

The courts in this circuit have disagreed whether the FRSA and LIA regulations at issue are truly "comprehensive" and whether the express savings clause in the FRSA applies to any or all of the current claims. This court held in its previous Order that the FRSA completely preempted plaintiff's claims related to proper visibility, hazardous grade crossing conditions, training and instruction of the train crew, speed restrictions and crossing conditions and retained jurisdiction. However, in a case decided two months after this Court's decision, Judge Laughrey in Peters v. Union Pacific R. Co., 455 F.Supp.2d 998, 1002 (W.D. Mo. 2006), held that "[a]though the FRSA does not preempt all state claims related to railroad safety, it clearly preempts some." Id. at 1002. In that case, Judge Laughrey found that none of the plaintiff's claims of excessive speed, vegetation in the crossing and right-of-way, warning devices, signs, markings and audible warning claims were completely preempted under the FRSA. She also found that plaintiff's claims did not implicate a substantial federal question and remanded the case. Additionally, Judge Sippel in Gillenwater v. Burlington Northern & Santa Fe Ry. Co., 381 F.Supp.2d 998 (E.D.Mo. 2007)("Gillenwater II) reconsidered his previous decision issued on June 13, 2006 in which he had determined that plaintiff's claims were preempted. In Gillenwater II, Judge Sippel relying in part on the Peters

3

case, found that plaintiff's claims were not preempted and he remanded the case to state court.

However, Judge Limbaugh in Hodge v. Burlington Northern & Santa Fe Ry. Co., 461 F.Supp.2d 1044, 1053 (E.D. Mo. 2006) and Kutilek v. Union Pacific R. Co., 454 F.Supp.2d 876 (E.D. Mo. 2006) found that the FRSA completely preempted claims of inadequate warning devices at railroad crossings, failure to properly train the crew, negligent operation of the train, and failure to monitor audible warning devices or to monitor or install light warnings on the train. He found that plaintiff's claims of failure to slow down or stop where a car is on the tracks, overgrown vegetation, and failure to properly construct the tracks were not preempted. However, because Judge Limbaugh found that a significant number of the claims were preempted and would remain under the court's federal jurisdiction, he exercised supplemental jurisdiction and retained all the claims. Subsequent decisions in other cases have gone both ways. See Connolly v. Union Pacific R. Co., 453 F.Supp.2d 1104 (E.D. Mo. 2006)(plaintiff's claims were not completely preempted, case was remanded). Cf. Holem v. Eagle, No. 3-07-CV-3-CRW-TJS, 2007 WL 1076684 (S.D.Iowa Apr. 5, 2007)(some of the claims were preempted by FRSA, other claims were retained under supplemental jurisdiction); Union Pacific R. Co. v. Johnstown Axel Corp., 2007 WL 1174845 (E.D. Mo. Apr 20, 2007)(FRSA preempted plaintiff's negligent inspection claim, court exercised supplemental jurisdiction over remaining state law claims). The Court in Holem invited the parties to seek certification:

> of this close question of federal jurisdiction on which district judges' decisions have split and cannot be reconciled. Interlocutory appeal and an early, final, binding decision on this court's jurisdiction would eliminate

the potential need for a second jury trial if a first trial, verdict, and judgment in this court is nullified by a post-trial reversal on a jurisdictional ground.

Id. at *1.

Because no prior Supreme Court or Eighth Circuit ruling directly addresses these claims, and because a substantial difference of opinion exists among the district courts, this question of law is appropriate for interlocutory review.

Certification of this appeal will materially advance the ultimate termination of this litigation and other similar disputes by clarifying whether state or federal court is the proper forum for these types of claims. Courts in this circuit have issued nine opinions within the past twelve months concerning the removal of FRSA-related claims to federal court. See Gillenwater v. Burlington Northern and Santa Fe Railway Co., 435 F.Supp.2d 959 (E.D. Mo. 2006) (Gillenwater I); Gillenwater II; Olberding; Peters; Kutilek; Hodge; Connolly; Holem;; Johnstown Axel. The sheer volume of these cases indicates a need for guidance, both to help advance the litigation and to avoid inconsistent rulings on similar facts. Absent such guidance, this court cannot be certain that it has the right to hear this case, and thus bears a substantial risk of futile adjudicative efforts. Avoiding these futile efforts will materially advance the ultimate termination of the litigation.

## IV. CONCLUSION

Accordingly, for the above stated reasons, Plaintiff's Motion for an Order Certifying for Appeal the Issue of the Court's Jurisdiction is hereby **GRANTED** (Doc. # 62).

Date: 6/7/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge